[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to foreclose a mechanics lien. The defendant Wheeler engaged a contractor, Russo, to build a house. Supplies where furnished by the plaintiff Shagbark and charged to Russo's account.
In order to accumulate frequent flier miles, the defendant asked Shagbark if she could make payments to it directly. Shagbark agreed.
All did not go well with the construction project. While both Wheeler and Russo claim that the other breached their contract, it is clear that Shagbark had delivered goods, used in the project, for which it did not receive payment.
When the defendant approached Shagbark about direct payment, she undertook a direct legal obligation to them, regardless of where, or to whose account that obligation was posted. She entered a bargain in which goods would be delivered for her use, and she would make direct payment therefore. She did this, as she had done in the past, for her benefit alone. She created a direct supply relationship with Shagbark, upon which she told them they could rely. Certainly the relationship had no benefit to the plaintiff.
The credible evidence before the court is that the defendant breached her contractual obligations to Russo and to Shagbark. While Russo would have liked to renegotiate his contract, that did not happen, and he continued to work while awaiting payment. The defendant, in September, stopped paying on the existing Russo contract, which was the breach. Whether Russo would have breached, had the contract price continued to be paid, is unknown. Having never paid for all the goods on the site, the defendant had created an ongoing breach with Shagbark. Her bad faith as to that relationship is shown by the continued acceptance of goods on the job after she had no intention of paying. The goods, though, were used in the construction of the house. CT Page 1239
The defendant's special defenses are not persuasive, nor is her proof thereof adequate. There are no technical deficiencies in the mechanics liens. There was no knowing misstatement of its amount. The costs to complete her home were not delineated as being the same as those originally contracted for, and the proof appeared to include extra items not originally bargained for. The defendant was neither surprised nor prejudiced by its claim of a separate contractual obligation.
The appropriate amount of the lien should be $22,874.00. This figure reflects deductions of erroneous billings, and finance charges.
A judgment of foreclosure by sale is entered on the amended lien. Counsel are ordered to appear before the undersigned at 2 p. m. February 10 to set a sale date.
___________________ ELAINE GORDON JUDGE OF THE SUPERIOR COURT CT Page 1240